**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RALPH LEPORACE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NEW YORK LIFE & ANNUITY, et al. | : | NO. 11-2000 |

**MEMORANDUM GRANTING DEFENDANTS' MOTION**
**TO DISMISS CLAIMS FOR DISABILITY COVERAGE PURSUANT TO RULE 12(b)(6)**

**Baylson, J.**                                              **December 21, 2011**

In this suit over a disability policy, Defendants have filed a Motion to Dismiss the

Amended Complaint (ECF No. 6) pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting

that Plaintiff's claims are barred by the applicable statute of limitations. For the reasons set forth

below, the Court will GRANT the Motion in part.

## I.    Factual Background

On March 27, 1995, Plaintiff Ralph Leporace ("Plaintiff") purchased a disability

insurance policy (the "Policy") from Defendants. Am. Compl. ¶ 6. According to Plaintiff's

Amended Complaint, in February of 1996, Plaintiff suffered a traumatic event and as a result

experienced emotional and mental instability. Am. Compl. ¶ 9. On June 25, 1997, Plaintiff

submitted a claim for monthly disability benefits under the Policy and Defendants found him

eligible for disability benefits. Am. Compl. ¶ 11. For approximately the next eight years, July 21,

1997 through May 31, 2005, Plaintiff was paid monthly benefits under the Policy. Am. Compl. ¶

11. In May 2005, Defendants stopped paying Plaintiff's monthly benefits, claiming that Plaintiff

no longer fit the definition of disabled under the policy. Am. Compl. ¶ 12.

Plaintiff did not make an inter-company appeal of the May 31, 2005 decision that determined him to be ineligible under the policy "because it was not an unreasoned decision." Am. Compl. ¶ 15. However, almost five years later, on March 4, 2010, Plaintiff requested reinstatement of the benefit and submitted a supporting psychiatric report. Am. Compl. ¶ 15. On October 26, 2010, Defendants advised Plaintiff that "they [would] not be able to approve the payment of benefits for the period of May 31, 2005 through May 24, 2010." Am. Compl. ¶ 17.[1] Plaintiff also asserts that Defendants have failed to honor Plaintiff's request for benefits after May 24, 2010. Am. Compl. ¶ 18.

The insurance policy has been in effect since 1995 (Am. Compl. ¶ 13), and Plaintiff contends that he has at all times been qualified for and entitled to the benefits of the policy. Am Compl. ¶ 14.

On March 23, 2011, Plaintiff filed this civil action against Defendants for breach of contract (Count I), declaratory judgment under the Declaratory Judgments Act, 42 Pa. Cons. Stat. § 7531, et seq. (Count II), and bad faith under the Pennsylvania Bad Faith Insurance Statute, 42 Pa. Cons. Stat. § 8371 (Count III).[2] Currently pending before the Court is Defendants' Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or for

---

[1]Defendants informed Plaintiff of this decision in a letter dated October 26, 2010 (ECF No. 6) (Exhibit 1). This letter was not attached to Plaintiff's Amended Complaint. Defendants attached this letter to their Motion to Dismiss. At oral argument on November 2, 2011, Plaintiff's counsel conceded that the letter was authentic. The Court may therefore properly consider it on a motion to dismiss. See Miller v. Clinton County, 544 F.3d 542, 550 (3d Cir. 2008) ("A 'court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiffs [sic] claims are based on the document.'") (quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

[2]Plaintiff filed his Amended Complaint on June 6, 2011 (ECF No. 4).

summary judgment pursuant to Rule 12(d).[3]

## II.    Legal Standards

### A.    Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. <u>See</u> Am. Compl. ¶¶ 1-5.

### B.    Motion to Dismiss for Failure to State a Claim

Under the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must plead sufficient factual allegations, that, taken as a whole, state a facially plausible claim to relief. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A complaint satisfies the threshold of facial plausibility if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to establish plausible allegations to survive the motion. <u>Id.</u> at 1949 (citing <u>Twombly</u>, 550 U.S. at 555).

In analyzing the complaint, the court must "'accept all factual allegations as true, construe

_____

[3]Defendants are New York Life Insurance and Annuity Corporation ("New York Life"), which issued the Policy to Plaintiff (Am. Compl. ¶¶ 2, 6), UNUM Group Corporation ("Unum"), which is a successor to and/or manager for certain disability income policies sold by New York Life (Am. Compl. ¶ 3), and The Paul Revere Life Insurance Company, which proclaims itself to be an "Administrator for New York Life Insurance Company." Am. Compl. ¶ 4. Plaintiff asserts all claims against all Defendants.

3

the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)). However, the court may disregard any legal conclusions in the complaint. <u>Id.</u> at 210-11 (citing <u>Iqbal</u>, at 1949).

Generally, the district court may consider only the facts alleged in the complaint and its attachments on a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The court may also take into consideration "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

## III.    The Parties' Contentions

Defendants contend that Plaintiff's claims accrued on May 31, 2005 when Defendant stopped paying Plaintiff's monthly disability benefits. Defs. Br. at 7, 9. Defendants argue that Plaintiff's breach of contract and declaratory judgment claims are therefore barred by the four-year statute of limitations under Pennsylvania law, and that Plaintiff's bad faith claim is likewise barred by the applicable two-year statute of limitations under Pennsylvania law. Defs. Br. at 3, 7.

Plaintiff counters that the statute of limitations is determined by the language of the policy itself, specifically the paragraphs entitled "Proof of Disability or Loss" and "Legal Actions," which read as follows:

> **Proof of Disability or Loss** This policy provides for periodic payment for a continuing disability. You must give us written proof of disability within 90 days after the

4

end of each period for which a benefit is payable. For any
other loss, written proof must be given within 90 days
after such loss occurs . . . .

> **Legal actions** with respect to any claim under this policy.
> no legal action may be taken against us during the 60 days
> after receipt of the written proof, or after 3 years from the
> date proof is required to be given.

Pl. Ex. A at 9.[4] Relying on <u>Hofkin v. Provident Life & Accident Ins. Co.</u>, 81 F.3d 365 (3d Cir.

1996), Plaintiff asserts that the applicable statute of limitations is three years, that the limitations

period does not begin to run until proof of loss is submitted, and that proof of loss is not yet due

in this case because Plaintiff has been continuously disabled for the entire relevant time period.

Pl. Arg. Memo. at 8 (ECF No. 15).[5]

---

[4]40 Pa. Cons. Stat. § 753 requires the following language to be in insurance contracts:

> Proofs of Loss: Written proof of loss must be furnished to the insurer at its said
> office in case of claim for loss for which the policy provides any periodic payment
> contingent upon continuing loss **within ninety days after the termination of the
> period for which the insurer is liable** and in case of claim for any other loss
> within ninety days after the date of such loss. Failure to furnish such proof within
> the time required shall not invalidate or reduce any claim if it was not reasonably
> possible to give proof within such time, provided such proof is furnished as soon
> as reasonably possible and in no event, except in the absence of legal capacity,
> later than one year from the time proof is otherwise required. 40 Pa. Cons. Stat. §
> 753(A)(7).

> Legal Actions: No action at law or in equity shall be brought to recover on this
> policy prior to the expiration of sixty days after written proof of loss has been
> furnished in accordance with the requirements of this policy. **No action shall be
> brought after the expiration of three years after the time written proof of loss
> is required to be furnished.** 40 Pa. Cons. Stat. § 753(A)(11).

[5] Citing <u>Jodek Charitable Trust v. Vertical Net</u>, 412 F. Supp. 2d 469 (E.D. Pa. 2006),
Plaintiff also argues that the disability insurance policy is a "continuing contract" and as such the
statute of limitations is a jury question. Pl. Arg. Memo. at 3. The Court agrees with Defendants
(Defs. Memo. in Reply at 5-7) that this argument is misplaced because the contract at hand is not
a service contract which does not fix any certain time for payment or for termination of the

In response, Defendants contend that Plaintiff's reliance on <u>Hofkin</u> is misplaced because the case at bar is not about the "Legal Actions" or "Proof of Loss" clauses in the policy. Defs. Memo. in Reply at 3 (ECF No. 19). Defendants contend that the statute of limitations periods under Pennsylvania law still apply and bar Plaintiff's claims.[6]

## IV.    Discussion

### A.    Statute of Limitations Under Pennsylvania Law

In a contract case, the cause of action accrues when there is an existing right to sue based on a breach of the contract. <u>Cooper v. Sirota</u>, 37 Fed. App'x 46, 48 (3d Cir. 2002); <u>see</u> <u>S.T. Hudson Eng'rs, Inc. v. Camden Hotel Dev. Assocs.</u>, 747 A.2d 931, 934 (Pa. Super. Ct. 2000). Further, in a breach of contract claim arising from denial of an insurance claim, as is the case here, the claim accrues when the insured first knows that the benefits have been terminated. <u>See</u> <u>Romeo v. UnumProvident Corp.</u>, No. 07-1211, 2008 WL 375161, at *3 (E.D. Pa. 2008); <u>Caruso v. Life Ins. Co. of N. Am.</u>, No. 00-2329, 2000 WL 876581, at *2 (E.D. Pa. 2000) (beginning limitations period with respect to a suit for benefits under an ERISA long-term disability plan

_____

services. <u>See</u> <u>Jodek</u>, 412 F. Supp. 2d at 475; <u>Thorpe v. Schoenbrun</u>, 195 A.2d 870, 872 (Pa. Super. Ct. 1963) ("The test of continuity, so as to take the cause out of the operation of the statute of limitations, is to be determined by the answer to the question whether the services were performed under one continuous contract, whether express or implied, with no definite time fixed for payment, or were rendered under several separate contracts."). Rather, the cause of action accrues when the insured first knows the benefits have been terminated. <u>See</u> <u>Romeo v. UnumProvident Corp.</u>, 2008 WL 375161 (E.D. Pa. 2008).

Plaintiff also originally argued that his claims accrued on October 24, 2010 when Defendants again found him ineligible for benefits. Am. Compl. ¶ 17; Pl. Br. at 10. The Court agrees with Defendants (Defs. Br. at 4), that the proper date of accrual in this case is when Plaintiff first knew of Defendants' denial of his claims – that is, May 31, 2005.

[6]Plaintiff filed two sur-replies (ECF Nos. 12 and 20) without seeking permission from opposing counsel or the Court. The Court nevertheless considered these briefs.

when the insured "first kn[ew] that the benefits ha[d] been infringed or removed") (quoting

Gluck v. Unisys Corp., 960 F.2d 1168, 1181 (3d Cir. 1992)).

In Pennsylvania, the statute of limitations for contract actions and declaratory judgment is

four years. 42 Pa. Cons. Stat. § 5525(8); Simon Wrecking Co., Inc. v. AIU Ins. Co., 350 F. Supp.

2d 624, 639-40 (E.D. Pa. 2004) (citing Algrant v. Evergreen Valley Nurseries Ltd. Partnership,

126 F.3d 178, 184-85 (3d Cir. 1997) (holding that "when plaintiffs' claims are barred by a statute

of limitations applicable to a concurrent legal remedy, then a court will withhold declaratory

judgment relief in an independent suit essentially predicated upon the same cause of action")).

Additionally, under Pennsylvania law, statutory bad faith claims by an insured against an insurer

are subject to the two-year tort statute of limitations for tort action. See Sikirica v. Nationwide

Ins. Co., 416 F.3d 214, 223-24 (3d Cir. 2005).

Other judges of this court have applied these statutes of limitations to facts similar to

those at hand and found the plaintiff's claims time-barred. See, e.g. Romeo, 2008 WL 375161. In

Romeo, plaintiff Jacqueline Romeo ("Romeo") purchased disability insurance from

UnumProvident Corporation ("Unum") in 1992. After a motor vehicle accident in August 1994,

Romeo began receiving benefits under the policy. On March 3, 2001, Romeo received a letter

from Unum stating "no further benefits are due under your claim for disability benefits" because

"we find that you are not disabled from [your occupation]." Unum invited Romeo to submit

additional information for further support of her claim or to send a written request for appellate

review. Romeo appealed the decision and sent in additional medical information. On July 6,

2001, Unum denied her appeal.

In early 2004, Romeo sent in additional medical information, and, as a result, her claim

7

was reopened effective December 18, 2003. At this point, Unum determined that she was entitled to disability insurance benefits from March 18, 2004. Romeo filed suit in the Philadelphia Count Court of Common Pleas on June 15, 2006, alleging breach of contract and bad faith as a result of the termination of her disability insurance benefits from March 2001 to March 2004. Unum removed the case to this court and then filed a motion for summary judgment, asserting that the statute of limitations had expired on Romeo's breach of contract and bad faith claims.

Judge Yohn held that the breach of contract and bad faith claims were barred by the statute of limitations. <u>Romeo</u>, 2008 WL 375161, at *3. Judge Yohn never discussed any statute of limitations contained within the policy itself, but rather stated that the "limitations period with respect to a particular action begins to run at the time the cause of action accrues." <u>Id.</u> (citing 42 Pa. Cons. Stat. § 5502(a)). Judge Yohn noted that a breach of contract cause of action accrues when a plaintiff could have first maintained to action to a successful conclusion. <u>Id.</u> (citing <u>Keen v. Lockheed Martin Corp.</u>, 486 F. Supp. 2d 481, 494-95 (E.D. Pa. 2007). In an insurance case, the case of action accrues for breach of contract and bad faith claims "when the insured first knows the benefits have been terminated." <u>Id.</u> at *3. Judge Yohn found that Romeo's claims accrued when Romeo received the March 3, 2001 letter advising her that her benefits would be terminated. <u>Id.</u> at *4. Applying the four-year limitations period for breach of contract actions, and a two-year statute of limitations for statutory bad faith actions, Judge Yohn found that the action was not timely filed and granted Unum's motion for summary judgment. <u>Id.</u> at *6 (citing 42 Pa. Cons. Stat. § 5525(a)(8) and <u>Ash v. Cont'l Ins. Co.</u>, 932 A.2d 877, 885 (Pa. 2007)).

Judge Yohn also applied the four-year statute of limitations for breach of contract claims in <u>Caruso v. Life Insurance Company of North America</u>, 2000 WL 876581. Because the plaintiff

Louis Caruso knew more than four years before he filed his complaint that his monthly disability benefits had been terminated, Judge Yohn found that his breach of contract claim was time-barred. 2000 WL 876581, at *2.

Similarly, in Noyes v. General America Life Insurance Co., No. 97-2902, 1998 WL 54347 (E.D. Pa. Jan. 16, 1998) Judge Van Antwerpen granted summary judgment for the defendant insurance company based in part on the plaintiff's failure to timely file his breach of contract claim within the applicable four-year period. 1998 WL 54347, at *10. Judge Van Antwerpen determined that under Pennsylvania law, a breach of contract claim begins to accrue at the time of the initial breach; there, when the defendant insurance company initially ceased payments to the plaintiff under his disability income insurance policy. Id. Judge Van Antwerpen explained that because plaintiff brought suit more than four years after he became aware of the conduct that formed the basis of his claim, his claim was barred by the statute of limitations.

**B.   Hofkin and its Progeny**

In Hofkin v. Provident Life & Accident Ins. Co., 81 F.3d 365 (3d Cir. 1996), the Third Circuit considered whether the plaintiff's claims were timely by interpreting the Proofs of Loss and Legal Actions provisions contained in his insurance contract, as required by Pennsylvania statute 40 Pa. Cons. Stat. § 753.[7] The Third Circuit interpreted the phrase "period for which the insurer is liable" to require the insured to "submit proofs of loss within ninety days after the termination of a continuous period of disability, rather than on a monthly basis during the entire period of disability." Hofkin, 81 F.3d at 374-75. The Third Circuit remanded the case to the

---

[7] The Proof of Loss and Legal Actions clauses of Hofkin's insurance policies were "essentially a verbatim recitation of the terms of the Pennsylvania statute." Hofkin, 81 F.3d at 367.

district court to determine if the plaintiff had been continuously disabled during the relevant time period. Id. at 375.

Plaintiff Mark Hofkin ("Hofkin") was insured by Provident Life and Accident Insurance Company ("Provident") under an accident and sickness policy that became effective in July of 1980. On March 13, 1986, Hofkin was involved in an automobile accident in which he sustained injuries to his neck, back, left wrist and elbow. On September 13, 1986, Hofkin's attorney submitted to Provident a supplementary claim form that indicated he had been totally disabled from March 13, 1986 through June 16, 1986. Additionally, Hofkin contended that he was partially disabled from June 17, 1986 until the time he submitted his claim in September.

On September 16, 1986 Provident paid Hofkin $5,760.00 for the time he was totally disabled in the months immediately following the accident and provided him with a claim form that he was required to complete in order to receive residual disability benefits. On January 19, 1987, Hofkin submitted an application for residual benefits, alleging that he had been unable to work full time since June of 1986. This application failed to include necessary details as to the amount of income he had lost as a consequence of the accident. On January 23, 1987, Provident claims requested additional information from Hofkin. In March of 1987, Hofkin submitted a claim for residual disability benefits. Within a week, a Provident representative contacted Hofkin's attorney to notify him that specific financial information necessary to calculate the residual benefits were omitted from the claim. On April 29, 1987, Hofkin responded with a revised claim form for residual benefits, simply stating "[n]one" where he was asked to indicate his present income. On June 25, 1987, Provident responded with another letter requesting further documentation of his alleged reduction of income and additional information regarding the extent

to which his business activities had been curtailed.

On March 8, 1990, after almost a three-year gap in communication between Hofkin and Provident, Hofkin's attorney wrote to Provident requesting additional claims forms. Provident supplied the forms, but Hofkin never completed them. Hofkin sent additional proofs of loss to Provident only after the onset on litigation.

In January of 1993, Hofkin filed a writ of summons in the Court of Common Pleas of Philadelphia County asserting: (1) he was entitled to total disability benefits from June of 1986 until the present time; (2) in the alternative, he was entitled to residual disability benefits from June of 1986, until the present time; and (3) Provident had acted in bad faith under 42 Pa. Cons. Stat. § 8371 by refusing to pay Hofkin's claims and failing to inform him of his alleged eligibility for total disability benefits at a much earlier date. In March of 1993, the matter was removed to this court.

On December 1, 1994, after a four-day jury trial, the district court granted Provident's motion for judgment as a matter of law on the basis of the three-year statute of limitations contained in the Legal Actions clause of the Provident policy. Hofkin then filed a motion for a new trial, and requested leave to file an amended complaint. The district court denied Hofkin's post-judgment motions.

On appeal, the Third Circuit held that an insured was required to give proofs of loss under an accident and sickness insurance policy only after termination of the continuous period of disability. Hofkin, 81 F.3d at 367, 375. The Third Circuit recognized that Pennsylvania courts had not considered when an insured must file a proof of loss under the applicable Pennsylvania statute and the policy itself in cases involving a continuous period of disability. The Third Circuit

11

predicted that the Pennsylvania Supreme Court would interpret the mandatory policy terms to require the insured submit proofs of loss within ninety days after the termination of a continuous period of disability, rather than on a monthly basis during the entire period of disability. This interpretation led the Third Circuit to reverse the district court's order, because an issue of fact remained as to whether Hofkin was totally disabled for the continuous period of time that he had alleged. Id. at 375.

The Third Circuit followed Hofkin in Knoepfler v. Guardian Life Ins. Co. of America, 438 F.3d 287 (3d Cir. 2006). There, the Third Circuit interpreted nearly identical language contained in an insurance contract subject to New Jersey law. Knoepfler, 438 F.3d at 289-90. The Third Circuit once again rejected the insurer's interpretation of the phrase "period for which we are liable" to refer to monthly periods of disability. Id. at 297. Instead the Third Circuit followed Hofkin, and held that proof of loss was not required until after the end of the entire period of continuous disability for which the insurer is liable. Id.

In Knoepfler, Jerrod Knoepfler ("Knoepfler") purchased two policies of disability insurance from Guardian Life Insurance Company of America ("Guardian"). Id. at 288. Knoepfler sought disability benefits under the policy due to an illness that began in November or December of 1992 and continued to the time of litigation. In September 1995, Knoepfler furnished written claim to Guardian and in October 1995, Knoepfler supplied written proof of loss to Guardian. Guardian investigated the claim and denied coverage on March 5, 1997.

On October 10, 2001, Knoepfler filed suit against Guardian in New Jersey state court, seeking recovery of disability benefits under the policies. The case was removed to the District Court for New Jersey. On March 25, 2004, Guardian moved for summary judgment, arguing that

the action was barred by the three-year statute of limitations set forth in the Legal Actions

provision of the policies. The district court granted the motion for summary judgment and

Knoepfler appealed.

On appeal, Guardian attempted to distinguish Hofkin on two grounds. Id. at 294. First,

Guardian argued that Hofkin was distinguishable because it interpreted Pennsylvania law. Id.

Second, Guardian contended that the wording of the policy language in its policy was materially

different from the wording of the policy language in Hofkin. Id. at 295-96. The Third Circuit

rejected both arguments. Id. at 295-97. Instead, the court followed Hofkin and interpreted the

policy language as not requiring proof of loss until after the end of the entire period of

continuous disability for which the insurer is liable. Id. at 297. Based upon this interpretation, the

Third Circuit reversed the grant of summary judgment and remanded the case for further

proceedings. Id.

Judge Bartle of this court also applied Hofkin in Murphy v. Metropolitan Life Insurance

Co., 152 F. Supp. 2d 755 (E.D. Pa. 2001) when faced with a question of the statute of limitations

under an insurance policy. There, Irene Murphy ("Murphy") sought benefits under a group

disability policy that was issued by Metropolitan Life Insurance Company ("Metropolitan") to

the plaintiff's employer. Murphy began receiving disability benefits on October 1, 1987, but on

February 1, 1996, the benefits were terminated. On March 22, 1996, Murphy appealed the

termination of the benefits to Metropolitan. On August, 5, 1996, Metropolitan upheld its prior

decision to terminate the benefits. On October 6, 1997, Murphy submitted a letter to

Metropolitan requesting them to review her claim and its prior 1996 decision terminating her

benefits. On October 15, 1997, Metropolitan rejected this appeal as untimely and advised

Murphy that "[n]o further review or appeal of the denial [would] be considered."

In January of 2000, less than four years after the denial of benefits, Murphy filed a writ of summons in the Court of Common Pleas of Philadelphia County alleging breach of contract, violations of Pennsylvania's bad faith statute, and violation of its Unfair Trade Practices and Consumer Protection Law. Metropolitan removed the action on the grounds that the claims were preempted by the Employee Retirement Income Security Act ("ERISA"). Murphy alleged that she had a continuing disability.

Judge Bartle converted the breach of contract claim into a federal claim under ERISA and considered whether the ERISA claim was barred by the three-year statute of limitations period contained in Proof of Loss and Legal Actions provisions of the insurance contract. Id. at 759-60. Plaintiff contended that he was still disabled, and therefore under Hofkin the statute of limitations did not bar his claim.

Judge Bartle, citing Hofkin, rejected Metropolitan's assertion that the time to file a proof of loss started as of the date when the denial of Murphy's benefits occurred. Id. at 760. In interpreting the policy language, Judge Bartle found "no meaningful distinction between Hokfin and the case before [him]."[8] Id. Once again, because Murphy had alleged a continuing disability, under the terms of the policy she was not yet required to submit proof of loss and therefore the three-year statute of limitations contained in the Legal Actions provision had not yet started to run. Id. Acknowledging that there is no statute of limitations under ERISA, Judge Bartle determined that the analogous state law statute of limitations was Pa. Cons. Stat. 40 § 753(A),

---

[8]The court stated, "The language in Metropolitan's policy, 'period for which benefits are payable,' is for all intents and purposes the same as the language in Hofkin, 'period for which the insurer is liable.'"

the Pennsylvania statute that mandates the Proof of Loss and Legal Actions language to be included in insurance contracts. Id. As such, Judge Bartle denied Metropolitan's motion to dismiss. Id.

However, in the later non-precedential opinion Lang v. Continental Assurance Co., 54 Fed. App'x 72 (3d Cir. 2002), a panel of the Third Circuit distinguished Hofkin and applied the statute of limitations imposed under Pennsylvania law. There, plaintiff-appellant Charles Lang filed suit on May 11, 2000 seeking the addition of Cost of Living Allowance ("COLA") to the benefits he had been receiving under his disability insurance policy ever since he filed a proof of claim in 1987. Id. at 73. The district court had found that Lang's claims were barred by the applicable statute of limitations and dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(6). Id. On appeal, Lang argued that his claim was timely filed under Hofkin because he had been continuously disabled since 1987. Id. at 74. The Third Circuit found Hofkin inapposite because the status of Lang's disability and his eligibility to collect disability payments were not at issue. Id.

Relevant to this Court's analysis here, Lang underscored that under Pennsylvania law, the statute of limitations "begins to run as soon as the right to institute and maintain a suit arises." Id. (citing Cappelli v. York Operating Co., Inc., 711 A.2d 481 (Pa. Super. Ct. 1998)). Because the defendant insurance company gave Lang "in writing, an affirmative, unequivocal representation that he would not be receiving COLA benefits under his policy" in December 1989, putting Lang "on notice" of his alleged injury since that time, the Third Circuit found that was the date on which his cause of action accrued, and affirmed the district court's order dismissing the case. Id. at 75.

Panels of the Ninth and Sixth Circuits have declined to follow Hofkin. Harris v.
Prudential Insurance Company of America, 93 Fed. App'x 139 (9th Cir. 2004) (non-
precedential); Schaefer v. Axa Equitable Life Insurance Company, 345 Fed. App'x 87 (6th Cir.
2009) (non-precedential). This Court is of course bound by the Third Circuit's holdings, but the
opinions of the Ninth and Sixth Circuit provide this Court a helpful insight as to whether Hofkin
applies in the case at hand.

In Schaefer, plaintiff-appellant Harmond Schaefer purchased four long-term disability
income policies from AXA Equitable Life Insurance Company ("Equitable").[9] Schaefer suffered
a heart attack in January 1995 and applied for benefits under each of the four policies. Equitable
approved the claims and began paying monthly benefits. In 1995 and 1996, Schaefer raised two
objections with Equitable regarding the amounts he was receiving under the disability insurance
policies. On November 22, 2006, Schaefer sued Equitable in Michigan for breach of contract,
conspiracy to wrongfully deny benefits in violation of unfair and deceptive trade practices
statutes, promissory estoppel, and a violation of ERISA. Equitable removed the case to the
District Court for the Eastern District of Michigan and then filed for summary judgment based on
the running of the statute of limitations under both the three-year statute of limitations contained
in the insurance policy's proof of loss section, and the six-year statute of limitations applied to
breach of contract claims under Michigan law. The district court found that the statute of

---

[9]Schaefer purchased one policy in each of the following years: 1976, 1979, 1987 and
1988. The 1976 and 1979 policies contained essentially the same language and stated in the proof
of loss provision: "Written proof of loss must be furnished . . . within ninety days after
termination of the period for which Equitable is liable. . . ." The l987 and l988 policies' proof of
loss provisions stated: "[W]ritten proof of loss satisfactory to us must be given within 90 days of
the end of each **monthly** period for which we are liable."

limitations contained in the proof of loss section of the insurance policy barred the plaintiff's

claim, and dismissed the case without reaching the question of whether the Michigan statute of

limitations would also bar the claims.

On appeal, the Sixth Circuit analyzed the relevant statutes of limitations under both the

contractual three-year time limit for legal actions and the six-year statute of limitations for

contract actions. 345 Fed. App'x at 93-96. The Sixth Circuit considered, and declined to follow,

Knoepfler and Hofkin as to its discussion of the contractual statute of limitations. Id. at 94-96.

In Harris, the Ninth Circuit was faced with the issue of determining when the applicable

statutes of limitation governing the plaintiff's breach of contract and bad faith claims began to

accrue. 93 Fed. App'x at 140. On January 11, 1996, Prudential informed plaintiff Harris that "it

had considered his long-term disability claim, determined that the company was not liable

beyond December 14, 1993, and terminated the claim." Harris filed suit on February 9, 2001. In

arguing that the statute of limitations had not yet begin to run, Harris relied on his insurance

policy's language and California Insurance Code §§ 10350.11 and 10350.7.[10] The Ninth Circuit

---

[10]Cal. Ins. Code § 10350.11 provides:
> A disability policy shall contain a provision which shall be in the form set forth herein. Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof is required to be furnished.

Cal. Ins. Code § 10350.11.

Cal. Ins. Code § 10350.7 provides in pertinent part:
> A disability policy shall contain a provision which shall be in the form set forth herein. Proofs of Loss: Written proof of loss must be furnished to the insurer . . . within 90 days after the termination of the period for which the insurer is liable. . .

The defendant incorporated the statutory language into its disability policies as required by law.

reiterated its prior holding that § 10350.11 "is not itself a statute of limitations," and therefore it does not supply an accrual date for the purposes of applying a statute of limitations. The Ninth Circuit determined that the statute of limitations began to run when the defendant terminated Harris's benefits and stated in "unequivocal language that no further payment on the claim would be made." In applying the relevant statute of limitations for breach of contract (four years) and bad faith (two years) in California, the Ninth Circuit found Harris' claim to be time-barred and affirmed the district court's order dismissing the complaint. Id. at 141.

C.    Analysis

Plaintiff's breach of contract, declaratory judgment, and bad faith claims are all barred by the applicable statutes of limitations for such actions under Pennsylvania law.

Plaintiff presents two separate sets of facts for his claims, as was made clear at oral argument. As to the first set of facts, Plaintiff's benefits started in 1997 and were terminated on May 31, 2005, but he did not file suit until March 23, 2011.[11]  As to the second set of facts, Plaintiff has now alleged a disability that entitled him to benefits starting in 2010.

As to the first set of facts, the four-year statute of limitations for breach-of-contract and declaratory judgment claims, as well as the two-year bad faith statute of limitations for bad faith actions, began to run in May 2005 when Plaintiff, the insured, first knew his benefits had been terminated. See Romeo, 2008 WL 375161, at *3-4. This case is analogous to Romeo, where the insured received a letter on March 3, 2001 that notified her that "no further benefits are due under [her] claim for disability benefits." Id. at *1. The insured then brought suit on June 15,

_____

[11]Plaintiff clearly alleged that the 2005 termination was "not an unreasoned decision." Am. Compl. ¶ 15.

2006. Id. at *2. Although it is unclear whether the insured alleged an ongoing disability, Judge Yohn held that the breach of contract and bad faith claims was barred by the statute of limitations. Id. at *3.

The Court distinguishes <u>Hofkin</u> and its progeny for several reasons. First, in each of those cases, the defendants claimed that the plaintiffs' claims were barred under the Proof of Loss and Legal Actions clause. <u>See</u> <u>Hofkin</u>, 81 F.3d 365; <u>Knoepfler</u>, 438 F.3d 287; <u>Murphy</u>, 152 F. Supp. 2d 755. In contrast, as Defendants here make clear (Defs. Memo. in Reply at 3), Defendants are not seeking to dismiss the Amended Complaint based on the "Proof of Loss" or the "Legal Actions" clauses of the contract. Instead, Defendants are moving to dismiss because of the clear termination of benefits by the insurer and the undisputed fact that this case was not filed until more than four years after that termination.

Second, Plaintiff never alleged in his original or Amended Complaint, or in his first brief, any relevance of the "Proof of Loss" or "Legal Actions" provisions of the policy. Plaintiff clearly did not believe these provisions supported his claims. Plaintiff only "latched onto" these provisions in his Argument Memorandum in order to gain support from <u>Hofkin</u> and its progeny.

Third, the likely reason that defendants in the <u>Hofkin</u> line of cases did not claim that the plaintiffs' claim was time-barred under the four-year breach of contract statute of limitations is that in each of those cases, the four-year statute of limitations had not begun to run or the claims were timely under the four-year period.

Fourth, the Court also distinguishes <u>Hofkin</u> because, there, the insurer never terminated the insured's benefits. <u>Hofkin</u>, 81 F.3d at 368. The parties were in an ongoing correspondence where the insurer was requesting more information from the insured to determine Hofkin's

eligibility for the benefits. Id. The insurance company repeatedly requested additional

information from Hofkin, to which Hofkin eventually did not respond. Id. The insurance

company never definitively denied Hofkin benefits, which is the trigger for the four-year statute

of limitations period for breach of contract. See Romeo, 2008 WL 375161, at *4. As such, the

four-year statute of limitations never began to run and would not have been an issue in the case.

Unlike Hofkin, Plaintiff's benefits were terminated, triggering the beginning of the four-year

statute of limitations.

Fifth, Knoepfler and Murphy, which relied on Hofkin, were in fact timely filed based on

the standard Pennsylvania statute of limitations, and therefore the only issue before the Third

Circuit and Judge Bartle, respectively, was whether the claims were timely under the contractual

statute of limitations. In Knoepfler and Murphy, the insurers had either terminated the payment

of monthly benefits or unequivocally denied coverage for the insured's claim. In Knoepfler and

Murphy, where the claims were found to be timely filed, the relevant statute of limitations had

not yet expired. In Knoepfler, the insured received notice that her claim was denied in a letter

dated March 5, 1997. The insured filed suit on October 10, 2001, well within the six-year statute

of limitations for breach of contract claims in New Jersey. See N.J. Stat. Ann. § 2A:14-1;

Knoepfler, 438 F.3d 287. In Murphy, the insured's benefits were terminated on February 1, 1996.

Murphy, 152 F. Supp. 2d at 757. The insured filed suit in January of 2000. Id. Although Judge

Bartle, finding no statute of limitations for actions under ERISA, applied the statute of

limitations under 40 Pa. Cons. Stat. § 753(A) – the statute that requires the Proof of Loss and

Legal Actions policy language – the claims would also have been timely under the four-year

breach of contract statute of limitations. Id. at 760. Therefore, in both Knoepfler and Murphy, the

claims were timely filed because both the three-year contractual limitations periods had not yet expired and the plaintiffs' respective claims were made within the respective six- and four-year statute of limitations for breach of contract actions.

The Third Circuit's decision in <u>Lang</u>, 54 Fed. App'x 72 (3d Cir. 2002) supports the distinctions the Court has drawn between the case at hand and <u>Hofkin</u>. The Third Circuit reiterated that under Pennsylvania law the statute of limitations "begins to run as soon as the right to institute and maintain a suit arises." <u>Lang</u>, 54 Fed. App'x at 73. The Third Circuit rejected the plaintiff's contention that <u>Hofkin</u> applied, instead finding that the plaintiff's claims were time-barred because over four years had passed since the plaintiff was on notice that he would no longer receive COLA benefits. <u>Id.</u> Although <u>Lang</u> is a non-precedential opinion, the Court finds it instructive as one of the post-<u>Hofkin</u> cases within the Third Circuit which have applied the statutory four-year statute of limitations period, beginning at the time the plaintiff learns of the denial of benefits. The analysis applied in <u>Lang</u> demonstrates that when the Proof of Loss and Legal Actions provisions are not at issue, the breach of contract statute of limitations period still applies.

Even the Ninth and Sixth Circuit cases that declined to follow <u>Hofkin</u> offer helpful insight to the instant case. In <u>Shaeffer</u>, the Sixth Circuit considered <u>Hofkin</u> only when discussing whether the Proof of Loss and Legal Action claims barred the plaintiff's claims. 345 Fed. App'x at 94-96. The Sixth Circuit also considered whether the plaintiff's claims were separately barred by the applicable statute of limitations under Michigan law for breach of contract claims. <u>Id.</u> at 96. The Court discerns from this analysis that the reasoning of <u>Hofkin</u> is only relevant in analyzing the contractual statute of limitations where the Defendant has moved to dismiss under

the Proof of Loss and Legal Actions provisions.

Harris is similarly instructive because although the Ninth Circuit determined that the California statute requiring the analogous Proof of Loss and Legal Actions clauses to be present in insurance contracts did not supply a statute of limitations, 93 Fed. App'x at 140, the fact that the standard breach of contract statute of limitations still applied supports this Court's conclusion that, here, the four-year breach of contract statute of limitations can still operate to bar Plaintiff's claims regardless of whether his claims are timely under the contractual statute of limitations.

Because of the distinctions between this case and the Hofkin line of cases, the Court concludes it must apply the clear four- and two-year statute of limitations periods to Plaintiff's breach of contract, declaratory judgment, and bad faith claims, as was done in Romeo, 2008 WL 375161, and other insurance contract cases post-dating Hofkin. Because Plaintiff's claims are time-barred, the Court will GRANT Defendants' Motion to Dismiss Plaintiff's Amended Complaint as to all three claims premised on Plaintiff's allegations that he was denied benefits beginning in May 2005.

**V.      Plaintiff's Pending Claim for Benefits**

One issue remains. In his Amended Complaint, Plaintiff asserted that, in addition to the benefits which Defendants had already affirmatively denied, "[d]efendant insurance companies have also failed to honor Plaintiff's request for either instatement or reinstatement of benefits after May 24, 2010, despite overwhelming evidence of his eligibility which has been submitted to the insurance companies." Am. Compl. ¶ 18. At oral argument held on November 2, 2011, Plaintiff's counsel stated that Defendants had not yet responded to this request. Transcript of Oral Argument at 19 (ECF No.  21). According to defense counsel, Plaintiff's claim is still pending

22

because of difficulties getting certain pieces of information from Plaintiff's doctor. <u>Id.</u> at 20-21.
At the hearing, the Court ordered Defendants to decide Plaintiff's claim within 30 days, or to
show that it has acted diligently and expeditiously to resolve the claim within the 30 day period.
<u>Id.</u> at 26-27. On December 2, 2011, Defendants submitted a status report requesting additional
time to resolve Plaintiff's pending claim (ECF No. 23). The Court will GRANT Defendants'
request for additional time. Defendants shall have until January 13, 2012 to use its best efforts to
make a final decision. Should Defendants deny or fail to decide Plaintiff's claim, the Court will
grant Plaintiff twenty-one (21) days from notification and explanation of any denial of benefits,
or from January 13, 2012, whichever is first, to file a Second Amended Complaint premised on
that denial of benefits or Defendants' failure to make a decision by that date.

## VI.    Conclusion

Plaintiff's claims are thus DISMISSED, except in that Plaintiff is GRANTED twenty-one
(21) days from receiving notice and an explanation of any denial of benefits under the pending
claim, or from January 13, 2012, whichever is first, to file a Second Amended Complaint based on
the denial or Defendants' failure to make a decision.

An appropriate Order follows.

O:\CIVIL 11-12\11-2000 Leporace v. NY Life\Leporace Memo MTD 12-21-11.wpd