IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH LEPORACE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NEW YORK LIFE & ANNUITY, et al. | : | NO. 11-2000 |

**MEMORANDUM**

**Baylson, J.**                                                                                                       **January 24, 2012**

      In a Memorandum and Order dated December 21, 2011 (ECF No. 25), the Court dismissed Plaintiff's claims on a disability insurance policy, except in that Plaintiff was granted leave to file a Second Amended Complaint for claims arising on or after May 24, 2010. Plaintiff has now filed a Motion for Reconsideration and Reargument (ECF No. 26). For the reasons discussed below, Plaintiff's Motion will be DENIED.

      1.     Plaintiff does not meet the standard for a Motion for Reconsideration. It is well established that reconsideration of a prior order is only warranted if the moving party demonstrates: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. See, e.g. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Plaintiff has not demonstrated the existence of any of these circumstances.

      2.     Plaintiff also requests the Court to consider some additional documentation that was not provided during the original briefing. The Court will not consider any new evidence

because there is no reason the documents could not have been presented during the original briefing, and further, the Court does not find them to change any of the results.

3. Plaintiff relies heavily on an argument based on what the Plaintiff refers to as an "internal" statute of limitations in the policy which Plaintiff claims would allow Plaintiff's claim to go forward. This argument was thoroughly considered and rejected by this Court in the original Opinion. The Court is similarly unpersuaded by Plaintiff's argument that "there exists a solid factual basis to reach a different conclusion regarding the applicability of the contract's own Statute of Limitations." (Mot. for Reconsideration at 3).

4. Plaintiff also does not show that the Court made any legal error in upholding and applying the four-year Pennsylvania statute of limitations for breach of contract and declaratory judgment claims based upon disability insurance policies, or two-year statute of limitations for bad faith claims. The Court exhaustively reviewed the applicable precedents, including the cases relied on by Plaintiff, some of which appeared at first blush to support Plaintiff.

5. Plaintiff's Second Amended Complaint (ECF No. 27) will be stricken. The Court did allow Plaintiff to file an Amended Complaint as to any claims arising after May 24, 2010. However, Plaintiff has abused this right to amend by encumbering the claims that he has a right to raise as of May 24, 2010 with other claims that this Court has already dismissed.

An appropriate Order follows.

O:\CIVIL 11-12\11-2000 Leporace v. NY Life\Leporace Memo Reconsideration 2.wpd