IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH LEPORACE, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| N.Y. LIFE & ANNUNITY CORP., UNUM | : | NO. 11-2000 |
| GROUP CORP., & THE PAUL REVERE | : | |
| INSURANCE CO. | : | |
| Defendants | : | |

## MEMORANDUM DENYING POST-TRIAL MOTIONS

**J. Baylson**                                                                                   **August 7, 2014**

In this case charging contract bad faith and statutory bad faith against insurance companies,[1] after a jury trial, verdicts were rendered for defendant resulting in the entry of judgment for defendant.

### I.     Legal Basis of Claims

Although plaintiff has not suggested any errors in the jury charge, the Court will set forth the legal basis of plaintiff's claims as general background about this case.

After considerable research on the nature of these claims in this and other cases, the Court believes that Judge McLaughlin's opinion in *Dewalt v. Ohio Casualty Insurance Company*, 513 F.Supp. 2d, 287 (EDPa 2007) is a succinct and accurate reflection of the somewhat confusing history of Pennsylvania jurisprudence on these issues and accurately reflects the legal nature of these claims.

####         A.     Breach of Contract of Insurance Policy

Plaintiff must prove three elements by clear and convincing evidence to establish a claim for breach of contract: (1) the existence of a contract and the content of its essential terms; (2)

---

[1] Plaintiff's contract was with N.Y. Life, but it was serviced by UNUM.  Paul revere was dismissed as a defendant.

that Defendants breached the implied covenant of good faith and fair dealing; and (3) resultant damages.

The implied covenant of good faith requires an honesty in fact in the conduct or transaction concerned.  Bad faith is the opposite of good faith.  Bad faith can include evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.  Plaintiff must show by clear and convincing evidence that Defendants breached the covenant of good faith through conduct that was unreasonable or negligent.

An insurer's action is unreasonable or negligent when it is not based on a thorough, honest and objective consideration of all the relevant factors.

### B. Statutory Bad Faith

Plaintiff also brings a claim under a Pennsylvania statute, 42 P.S. § 8371 for bad faith in an insurance policy.

Under the law, an insurance company must act with the utmost good faith and fair dealing toward its insured, and give the interests of its insured the same faithful consideration that it gives its own interests.  This heightened duty arises because of the special relationship between an insurer and its insured and the nature of the insurance contract.

An insurance company acts in bad faith if it: (1) does not have a reasonable basis for what it does; and (2) knows or recklessly disregards its lack of a reasonable basis.

Put another way, bad faith occurs if an insurer knowingly or recklessly acts without a reasonable basis in handling an insured's claim.

In deciding whether or not an insurance company acted in bad faith toward its insured, the Court will consider all of the company's actions, including its responses to communications from its insured, its investigation of the claim, and its handling of settlement negotiations.  If the defendant knowingly or recklessly acted without a reasonable basis, the plaintiff is entitled to recover.  See Pa. Suggested Standard Jury Instructions §7.300.

"Bad faith" on part of an insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.  For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.  Terletsky v. Prudential Property & Cas. Ins. Co., 649 A.2d 680, 688 (1994).

An insurer does not act in bad faith by investigating and litigating legitimate issues of coverage.  Eley v. State Farm Ins. Co., 10-CV-5564, 2011 WL 294031, *3 (E.D. Pa. Jan. 31, 2011) (Baylson, J.) (quoting Simon Wrecking Company, Inc. v. AIU Ins. Co., 530 F.Supp.2d 706, 717 (E.D. Pa. 2008) (Brody, J.) (quoting Hyde Athletic Industries, Inc. v. Continental Cas. Co., 969 F.Supp. 289, 307 (E.D.Pa.1997))).

"Recklessly" means wantonly, with indifference to consequences. If a person makes a representation without knowing whether it is true or not, or makes it without regard to its truth or falsity or to its possible consequences, he may be found to have made the representation recklessly.

Plaintiff's claim was principally based on UNUM's delay in reviewing plaintiff's claim for disability benefits.  As the Court charged the jury, although some delay in processing

3

insurance claims can be expected, unreasonable or purposeful delay can constitute breach of contract or bad faith.

As noted above, the standard of proof for these charges is "clear and convincing evidence" which is of course a higher standard than preponderance of the evidence.

## II. The Court Will Not Reexamine Its Ruling on the Statute of Limitations

Several of the grounds asserted for a new trial relate to this Court's granting of a motion to dismiss plaintiff's claims prior to March 8, 2010, as time barred by the applicable statute of limitations. This Court previously filed a memorandum (ECF 24), in support of that ruling. Plaintiff's opening and reply briefs argue this issue. Plaintiff does not cite any new authority warranting this Court to reexamine that issue.

## III. Trial Errors

A principal ground for a new trial is that the Court precluded plaintiff's evidence, but plaintiff does not show that there was any prejudice whatsoever. Plaintiff was given wide latitude in introducing evidence, and the Court's rulings on evidence were well within its discretion. *Gless v. Phila. Electric Co.*, 34 F.3d 188 (3d Cir. 1994).

Plaintiff also asserts that the Court barred plaintiff from introducing evidence regarding Market Conduct Examinations and the Regulatory Settlement Agreements and amendments thereto, but this is an incorrect assertion. Extensive pretrial motions and argument took place on this issue. The Court did allow testimony about these adverse regulatory actions regarding defendant, when they pertained to issues directly affecting the plaintiff, and/or were not already subsumed within UNUM' own standards for reviewing disability claims. The Court also ruled that admitting evidence as to the origin of these regulatory materials was not relevant to

plaintiff's claim and would have been unduly prejudicial to the defendants, and therefore excluded evidence of their origin under Federal Rule of Evidence 403.  However, the Court did not exclude reference to these regulatory standards in total, as plaintiff's brief implies.  These rulings were well within the Court's discretion.  Although plaintiff's briefs, both the opening brief and the reply brief, try to give the impression that the Court excluded a great deal of plaintiff's proffered evidence, the opposite is true.  Plaintiff was given significant and wide latitude in introducing both factual testimony and expert testimony supporting his claims, with adequate reference to the regulatory proceedings so heavily cited by plaintiff in his opening and reply briefs.  The jury had a full picture of the plaintiff's claims and the reasons for UNUM's conduct.  UNUM witnesses admitted at trial that it made some mistakes in handling the plaintiff's claims, and also admitted there was some delay.  However, there was also evidence that the plaintiff was responsible for some delay, and that he had been receiving the benefits he was due under the contract for a significant period of time.  All of the factual issues were resolved by the jury in favor of the defendant, as reflected in the jury's verdict.  Plaintiff's briefs forget that the defendants are entitled, as the verdict winner, to a review of the evidence in the light most favorable to the defendants.

      The last assertion relates to plaintiff's complaints about the Court allowing defense expert William Hager to testify.  Contrary to plaintiff's assertion, Mr. Hager did serve an expert report.  This Court denied pretrial motions by both parties to exclude the others' experts.  At trial, plaintiff was given wide latitude to cross examine Mr. Hager about his qualifications before he was allowed to testify as an expert.  The *Daubert* decision does not require any more.  This Court's determination to allow Mr. Hager to testify was in accord with Third Circuit interpretations of *Daubert*, and well within the Court's discretion.

For the above reasons, the post-trial motion (ECF 179) will be **DENIED**.

An appropriate Order follows.

O:\CIVIL 11\11-2000 Leporace v. NY Life\11cv2000.memo.post.trial.docx